# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| State of Ohio/City of Oregon, <br><br> Plaintiff, <br><br> v. <br><br> DeAnde L. Belmon, <br><br> Defendant. | Case No. 2:22-cv-00891-RFB-BNW <br><br> **REPORT AND RECOMMENDATION AND ORDER** |

On May 20, 2022, Defendant DeAnde L. Belmon filed a notice of removal. *See* ECF No. 1. It appears that he seeks to remove a criminal action pending against him in another state. ECF No. 1-1. He also seeks to proceed *in forma pauperis*. ECF No. 1.

Defendant submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

**I.    Analysis**

**A.    Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Screening the Complaint

Defendant appears to be attempting to remove several traffic-related citations from Ohio state court to federal court. *See* ECF No. 1-1. Under 28 U.S.C. § 1455(a), "A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal . . . ." In other words, to the extent Defendant seeks to remove his criminal case to federal court, he must do so in Ohio—not the District of Nevada. It appears that Defendant intended to remove this case to the Northern District of Ohio (*see* ECF No. 1-1 at 1) but filed his papers in the wrong court. As such, the Court recommends that this case be remanded (to the extent it was actually removed) and closed.

### II. Conclusion

IT IS THEREFORE ORDERED that Defendant's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS THEREFORE RECOMMENDED that this case be remanded (to the extent it was actually removed) and closed in this District.

IT IS FURTHER RECOMMENDED that Defendant's motion for a temporary restraining order (ECF No. 7) be denied as moot.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within 14 days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 23, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE